(48 Misc. Rep. 639)

### BERNSTEIN v. CAHEN et al.

(Supreme Court, Appellate Term. November 29, 1905.)

1. **PARTNERSHIP—EVIDENCE.**
    Where, in an action on promissory notes, defendant was sought to be held as a member of the firm indorsing them, evidence that defendant said to plaintiffs' attorney: "If you have a firm note, I guess you will have to wait for it, for the reason that we are tied up now. We will have to make an arrangement about paying it later. I don't intend to pay it, and if you don't want to wait you will have to sue us to get that money"—and did not at the time deny his membership in the firm, was some evidence thereof, but not conclusive.

2. **SAME—DISSOLUTION.**
    Where, in an action on promissory notes, defendant was sought to be held as a member of the firm indorsing them, testimony of defendant that he had been engaged in business with his mother and brother, that prior to the execution of the notes the mother stated to defendant and his brother that if they wanted to continue the business it would have to be in her employ, and that she thereupon took out a license in her own name, was competent; there being no element of estoppel in the case to prove the fact of dissolution.

3. **WITNESSES—TRANSACTIONS WITH PERSONS SINCE DECEASED.**
    Though the mother was dead, there was nothing in the relation of the parties to bring defendant's testimony within the prohibition of Code Civ. Proc. § 829, providing that on the trial of an action a party shall not be examined as a witness in his own behalf against a person deriving

96 N.Y.S.—14

his title through a deceased person, by assignment·or otherwise, concerning a personal transaction or communication between the witness and the deceased person.

4. APPEAL—EXCEPTIONS—FAILURE TO TAKE—EFFECT.

　　The failure of defendant to properly except to the exclusion of competent evidence will not preclude a reversal of a judgment for plaintiff, where the evidence to sustain the same is very unsatisfactory, and the court's reiteration that the evidence was incompetent must have greatly influenced the jury.

Appeal from City Court of New York, Trial Term.

Action by Jacob Bernstein against Moses Cahen and another.　Judgment for plaintiff, and defendant Moses Cahen appeals.　Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and·Mac-LEAN, JJ.

Wales F. Severance and Mark Goldberg, for appellant.

Nathan Tolk (Jacob Stone Freedman, of counsel), for respondent.

SCOTT, P. J.　The plaintiff sues upon three promissory notes, all dated February 20, 1904, and bearing the endorsement of L. Cahen & Sons.　The defendant Moses Cahen alone·defends.　He is sought to be held on the ground that he was, when the notes were made, a member of the firm of L. Cahen & Sons, indorsers on the notes.　He defends, denying the partnership, and denying that he ever signed the notes or authorized them to be signed.　It is not contended that Moses Cahen indorsed the notes himself, and, indeed, there is no evidence who signed the firm name of L. Cahen & Sons on the back of the notes. No point was made of this omission upon the trial, and the'principal issue tried was whether or not Moses Cahen was a member of the firm when the notes were made.　Upon this issue, the evidence was, as the trial justice remarked to the jury, "very unsatisfactory."　The only evidence given by the plaintiff as to the fact of partnership was that of plaintiff's attorney, in which he testified to a conversation with Moses Cahen respecting the indebtedness on these notes.　That testimony was to the effect that Moses Cahen, when told that plaintiff held a firm note, said:

　"If you have a firm note, I guess you will have to wait for it, for the reason that we' are tied up now.　We 'will' have to make an arrangement about paying it later.　I don't intend to pay it, and if you don't want to wait you will have to sue us to get that money."

It does not appear that defendant at that time denied that he was a member of the firm, and his silence on that point, coupled with the use of the plural pronoun, constituted some evidence, by way of admission, that he was a member of the firm.　It was, however, by no means conclusive, and was open to explanation and denial.　The defendant testified that up to April, 1903, he had been engaged in business with his mother and brother under the firm name of L. Cahen & Sons; that in April, 1903, a conversation was had between the mother and the two brothers, in which the mother said that if they wanted to continue the business it would have to be in her employ, and that she thereupon took out a license in her own name.　At this point the court intervened and declared the testimony to be incompetent, and suggested to plain-

tiff's counsel that he should object to it, whereupon the court declared that plaintiff could not be bound by any conversation between the sons and their mother with reference to the dissolution of the firm. In this the learned justice fell into undoubted error. The question was whether or not the firm had been dissolved in 1903, long before the notes in suit were made. Such a dissolution might either be oral or in writing. Since there was no element of estoppel in the case, it was open to defendant to prove by any competent testimony the fact of dissolution.

The reference by the court to section 829 of the Code of Civil Procedure does not appear to be apposite; for, although the mother was dead, there was nothing in the relation of the parties to bring Moses Cahen's testimony within the prohibition of that section. It is true that the defendant did not properly except to the ruling of the court; but in a case like the present, where the evidence to sustain the verdict is so unsatisfactory, we do not consider that we should allow the verdict to stand, and a possible injustice be done, for want of a timely exception. Moore v. Batten, 5 Misc. Rep. 20–25, 25 N. Y. Supp. 141.

The reiteration by the learned justice that the evidence was incompetent could hardly fail to have greatly influenced the finding of the jury. We are therefore of the opinion that the judgment and order appealed from must be reversed.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event. All concur.